IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 11 C 6698 |
| FUNDS IN THE AMOUNT OF $174,000.00, | ) |
| Defendant, | ) |
| AARON M. SMART, | ) |
| Claimant. | ) |

# **OPINION AND ORDER**

This action is an action *in rem* to forfeit funds alleged to be used in narcotics trafficking in violation of 21 U.S.C. § 801 *et seq.* The case was initiated by a complaint pursuant to 21 U.S.C. § 881(a)(6). The funds were seized in this district and remain here during the pendency of this action. A claim was filed by Aaron Smart ("Smart") as the owner of the funds. The government has moved to overrule Smart's objections to special interrogatories issued pursuant to Rule G(6)(b) of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Claims. Rule G(6)(a) provides "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property." Smart contends that the interrogatories go beyond the scope of his identity and relationship to the property and, if he is ordered to answer the interrogatories, he will refuse to do so based on his Fifth Amendment right not to incriminate himself.

The verified complaint states that a travel manifest for trains departing from Chicago, Illinois disclosed that, late on May 9, 2011, Smart made a reservation to travel from New York City to Chicago on May 11, and then to depart from Chicago to Los Angeles, California on May 12. The reservation was for a first class sleeper costing approximately $2,066. Based on training and experience, a DEA agent recognized that travel on a one-way ticket to a known source state for narcotics is consistent with the method and manner of travel frequently employed in drug trafficking activity and, therefore, sought to interview Smart in Chicago.

Agents went to the first class lounge in the Chicago station and approached Smart, who was in possession of a backpack and a shoulder bag and was retrieving additional luggage. Agents advised Smart that he was not under

arrest. He agreed to speak to the agents. When he opened a shoulder bag to obtain identification papers, an agent observed bundles of money. Smart stated that he had $150,000 to $160,000 in currency in his possession which he had obtained from the sale of t-shirts. Smart declined to identify any persons with whom he was engaged in sales transactions, and he did not have any documents relating to any sales. He refused to consent to a luggage search. Smart is said to have told agents that he had been arrested in the past for drug offenses, had money seized by law enforcement in the past, and had not filed tax returns in the past few years.

After a trained canine alerted positive for a narcotics odor on Smart's shoulder bag and backpack (but not his other luggage), agents obtained a search warrant from a federal Magistrate Judge and searched Smart's shoulder bag and backpack. The search revealed $174,000 in United States currency in 37 bundles of $100, $50, $20, and $10 denominations. The currency was detained.

Smart has filed objections to the government's special interrogatories 2 through 9, which, in substance, seek the following information from Smart: (2) any criminal history; (3) interest in the currency; (4) identification of records or documents relevant to interest in the currency; (5) identification of the source

and date of the currency, and witnesses to support the source of the currency; (6) identification of who placed the currency in the claimant's luggage; (7) involvement in any other currency seizures; (8) names of persons with information of claimant's ownership of the currency, and (9) whether the currency was declared on tax returns.

In order to contest a forfeiture, a claimant must demonstrate both statutory and Article III standing. *See* ***United States v. $557,933.89, More or Less, in U.S. Funds,*** 287 F.3d 66, 78-79 (2d Cir. 2002); ***United States v. $487,825.00 in U.S. Currency***, 484 F.3d 662, 665 (3d Cir. 2007); ***United States v. $13,500.00 in U.S. Currency***, 2011 WL 3875358 *1 (C.D. Ill. Aug. 31, 2011). Here the government disputes that the claimant has a sufficient interest in the detained currency to support Article III standing. Based on the facts stated in the verified complaint, the type of information sought in the special interrogatories in this case have been sustained in forfeiture proceedings. They do not exceed the scope of Rule G(6). *See* ***United States v. $101,000.00 in U.S. Currency,*** 2011 WL 3563101 *3-5 (C.D. Ill. Aug. 12, 2011); ***United States v. $410,000.00 in U.S. Currency,*** 2007 WL 4557647 *7 (D.N.J. Dec. 21, 2007); ***United States v. $333,806.93 in Proceeds from Foreclosure of Real Prop. Located at 26948 Pac.***

*Coast Highway, Malibu, Cal.*, 2010 WL 3733932 *2-3 (C.D. Cal Aug. 30, 2010); *United States v. $39,557, more or less, in U. S. Currency*, 2008 WL 2901318 *2-4 (D.N.J. May 21, 2008).

IT IS THEREFORE ORDERED that the government's motion to strike claim or compel answers [13] is granted in part and denied in part. Claimant Aaron Smart's objections to Rule G(6) interrogatories 2-9 are overruled. Claimant is given 21 days to answer each interrogatory or stand on his Fifth Amendment privilege to refuse to answer each on the ground that his answer would be incriminatory. Status hearing set for March 15, 2012 at 11:00 a.m.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 6, 2012